

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00514-CR

Juan Santos **HUERTA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR3450
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting: Luz Elena D. Chapa, Justice
    Irene Rios Justice
    Beth Watkins, Justice

Delivered and Filed: September 11, 2024

DISMISSED

On July 18, 2024, appellant Juan Santos Huerta filed a pro se notice of appeal seeking to appeal his conviction for serious bodily injury to an elderly person. After Huerta filed his notice of appeal, the trial court clerk filed a copy of the clerk's record showing Huerta entered into a written plea bargain agreement with the State pursuant to which he pled nolo contendere. The clerk's record further shows the trial court imposed its sentence in accordance with the agreement and signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id*. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d).

Here, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Huerta. It also does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave Huerta permission to appeal. Thus, the trial court's certification appears to accurately reflect this is a plea-bargain case, and Huerta does not have a right to appeal. *See id*. R. 25.2; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On August 29, 2024, we ordered Huerta to file a response by September 30, 2024 establishing an amended certification showing he has the right to appeal has been made part of the appellate record. We cautioned Huerta failure to satisfactorily respond to this order within the time provided would result in the dismissal of this appeal. On August 30, 2024, Huerta's counsel filed a response confirming this is a plea-bargain case, and Huerta does not have a right to appeal. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish